**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Florencio ESPINOZA–FAJARDO,**
**Defendant–Appellant.**

**No. 09–40399**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 20, 2010.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

**410**

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Florencio Espinoza–Fajardo appeals his guilty-plea convictions for possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1). He argues that, in light of the recent Supreme Court decision in *Flores–Figueroa v. United States*, —— U.S. ——, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009), the factual basis for his guilty plea was insufficient to support his convictions because it did not establish that he knew the specific type and quantity of controlled substances he possessed. We review this issue, raised for the first time on appeal, for plain error. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir.2001).

The issue raised by Espinoza–Fajardo is foreclosed by current circuit precedent, *see United States v. Gamez–Gonzalez*, 319 F.3d 695, 699–700 (5th Cir.2003) (holding that knowledge of drug type or quantity is not an element of an offense under 21 U.S.C. § 841), which has not been overruled by *Flores–Figueroa*. *See United States v. Betancourt*, 586 F.3d 303, 308–09 (5th Cir.2009), *cert. denied*, —— U.S. ——, 130 S.Ct. 1920, 176 L.Ed.2d 390 (2010). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.